**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Gilbert Markette Mines, Jr., | ) | Case No. 2:20-cv-02823-RMG |
| | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| All Staff Members, | ) | |
| *J. Reuben Long Detention Center*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 14) recommending that the Court dismiss this action with prejudice and without issuance and service of process. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses this action with prejudice and without issuance of service of process.

## I. Background

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 against "all staff members" at the J. Rueben Long Detention Center.[1] In Plaintiff's original complaint, it appears that Plaintiff alleges the State deprived him of his "freedom" on or around April 4, 2019 by detaining him for failure to appear ("FTA") in a pending criminal action before the General Sessions Court. *See* (Dkt. No. 1 at 3); (*Id.* at 12) (seemingly alleging that Plaintiff

[1] As accurately noted in the R&R, "[t]he allegations in Plaintiff's handwritten pleadings are mostly illegible and . . . incoherent." (Dkt. No. 14 at 1) (stating that the Magistrate Judge's discussion therein "is based on a very liberal construction of Plaintiff's allegations and employs a certain level of guesswork"). *See generally* (Dkt. Nos. 1, 9).

missed a sort of "roll call" because he was being held at a different jail on other pending charges and that the South Carolina court unfairly issued two FTAs against him as a result).

In his Amended Complaint,[2] Plaintiff alleges "wrongful imprisonment," asserting that he was in "North Carolina during the time of [his] roll call" and that he notified the proper authorities of his whereabouts. (Dkt. No. 9 at 4-6). *See* (Dkt. No. 14 at 3) (noting that while "the undersigned presumes Plaintiff is still referencing the FTA violations issued in Case No. 2019A2610200827, his Amended Complaint also includes an out-of-context booking report and officer narrative involving an entirely different criminal charge from December 2017 (Case No. 2017A2620701174) without any explanation or background"); (*Id.*) (noting Plaintiff "[does] not want money" but simply wants his "voice to be heard" and his file "pull[ed]" to validate he was in North Carolina at the time he was scheduled to appear in South Carolina state court); (Dkt. No. 9-1) (booking report from December 14, 2017).[3]

On June 24, 2021, the Magistrate Judge filed an R&R recommending this action be dismissed with prejudice and without issuance and service of process. (Dkt. No. 14).

---

[2] On August 24, 2020, the Magistrate Judge issued a proper form order to Plaintiff notifying him that his case was subject to summary dismissal for failure to state a claim upon which relief may be granted. (Dkt. No. 5). Plaintiff was given, however, the chance to cure the deficiencies identified in his original complaint by filing an amended complaint with the Court. (*Id.*).

[3] *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (same); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may also take judicial notice of factual information located in postings on government web sites).

## II. Legal Standards

### a. Fed R. Civ. P. 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." A claim survives the motion if the complaint provides enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This is a test of the legal sufficiency of the complaint and, therefore, Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Instead, the district court's "inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. (internal quotation marks and citation omitted). For that analysis, the district court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"; however, it must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### b. *Pro Se Pleadings*

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the

Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### c. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, the R&R is reviewed for clear error.[4]

## III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that this action should be dismissed with prejudice and without issuance and service of process. As correctly noted in the R&R, Plaintiff's complaint and amended complaint fail to state a claim

---

[4] On July 13, 2021, the copy of the R&R sent to Plaintiff at the J. Rueben Long Detention Center was returned to the Court as "undeliverable." (Dkt. No. 16) (noting "RELEASED" on the return envelope). Plaintiff's failure to apprise this Court of his current address violates the Proper Form Order previously issued in this matter, (Dkt. No. 5 at 4-5), and could be construed as a failure to prosecute, subjecting this matter to dismissal under Fed. R. Civ. P. 41(b). While the Court might ordinarily re-refer this matter to the Magistrate Judge to determine if Plaintiff has abandoned his claims, as described *infra*, the fact that Plaintiff's mail was returned to the Court indicating he was "released" from the J. Rueben Long Detention Center supports the Magistrate Judge's finding that this action should be dismissed with prejudice as Plaintiff's claim is moot.

upon which relief may be granted. As described in detail in the R&R, Plaintiff's action is not

brought against "persons" susceptible to suit under § 1983 and Plaintiff seeks relief unavailable in

the instant situation or in § 1983 suits generally. *See* (Dkt. No. 14 at 6) ("Plaintiff claims that 'all

staff members' at the J. Rueben Long Detention Center deprived him of his 'freedom' by

wrongfully imprisoning him. (Dkt. No. 1 at 3; Dkt. No. 9 at 4.) As the undersigned previously

explained to Plaintiff, however, only a 'person' can be sued under §1983. (Dkt. No. 5 at 2).";

*Hayes v. Florence Cty. Det. Ctr. Personnel*, No. 1:21-cv-1549-JFA-SVH, 2021 WL 2227991, at

*2 (D.S.C. June 2, 2021) (finding that detention center "personnel" are "groups of persons working

in a department, building, or facility, and therefore cannot qualify as a person" under §1983);

*Morrow v. Pickens Cty. Det. Ctr.*, No. 0:10-cv-01199-MBS-PJG, 2010 WL 2985822, at *3 (D.S.C.

June 28, 2010), *adopted*, 2010 WL 2985823 (D.S.C. July 26, 2010) (same). *See* (Dkt. No. 14 at 5-

6 & n.3) (noting that Plaintiff seeks release from the J. Rueben Long Detention Center but that

records confirm Plaintiff is no longer an inmate at said detention center, mooting his claim); (*Id.*)

(further noting that "Plaintiff made a point to decline any monetary damages in his Amended

Complaint even after the undersigned warned him that release from detainment is generally not an

available remedy in a § 1983 action"); *see also Winston v. Clarke*, 799 F. App'x 215, 216 (4th Cir.

2020) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his

claims for injunctive and declaratory relief with respect to his incarceration there."); *McCall v.

Bodiford*, No. 2:15-cv-01011-TLW-MGB, 2016 WL 4498462, at *7 (D.S.C. June 15, 2016),

*adopted*, 2016 WL 4492802 (D.S.C. Aug. 26, 2016) (dismissing claim as moot where inmate

sought injunction requiring release of inmates at the Greenville County Detention Center within

four hours because Plaintiff was no longer incarcerated at said facility).

In sum, the Court finds no clear error with the R&R and adopts it in whole as the Order of the Court.

## IV.     Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 14) as the order of Court and **DISMISSES** this action **WITH PREJDUICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**.

**AND IT IS SO ORDERED**.

<div style="text-align: right;">

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

</div>

July 14, 2021
Charleston, South Carolina